UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TANCREDE AUGUSTE,

Petitioner,

v.

Case No. 2:26-cv-2851-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, *et al.*,

Respondents.

_______________________________________/

# ORDER

Petitioner Tancrede Auguste has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He was paroled into the United States in April 2024 after he was encountered at a port of entry. (Doc. 5-1 at 1, 17.) His parole expired two years later. (*Id.*) Then, on August 6, 2026, ICE took him into custody. He has been there ever since because the Government claims he is subject to mandatory, no-bond detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien whose parole was previously terminated. (Doc. 5.) Unwilling to wait behind bars indefinitely, Auguste filed this petition for a writ of habeas corpus, claiming that the Attorney General is holding him in violation of the Immigration and Nationality Act and the Fifth Amendment. (Doc. 1.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Auguste, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See*

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026); *see Jean v. Ripa*, No. 2:26-cv-1390-KCD-NPM, 2026 WL 1429343, at *3 (M.D. Fla. May 21, 2026). And though Auguste's parole has expired, the same reasoning applies. *See Mendes v. Ripa*, No. 3:26-cv-118-JEP-PDB, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026). Auguste is thus entitled to a bond hearing under § 1226.

Auguste requests his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Auguste is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Auguste with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Auguste also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not

provide Auguste with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. Within ten days of this order, the Government shall either bring Auguste for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026); *Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). The habeas petition is otherwise denied. The Clerk is directed to terminate any pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 13, 2026.

Kyle C. Dudek
United States District Judge